# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Rebecca R. Pallmeyer RRP | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 5060 | **DATE** | 7/2/2010 |
| **CASE TITLE** | Arch Insurance Company vs. R. A. Bright Construction, Inc. | | |

**DOCKET ENTRY TEXT**

Final Pretrial Conference held on 7/2/10 and continued to 7/19/10 at 1:30 p.m. Arch's motions *in limine* by Arch Insurance to bar evidence of loss profit and motion *in limine* to bar or limit testimony Ben Kuhajda are entered and continued for briefing as follows: Motions and supporting memoranda to be filed by 7/9/10; R. A. Brights' response is due by 7/14/10. Parties are to submit a draft Protective Order to address confidentiality concerns. Oral motion by R.A. Bright to add Raymond Will to the witness list is granted without objection. Parties are to submit exhibit binders on or before 7/14/10.

■[ For further details see text below.]

Docketing to mail notices.

00:55

## STATEMENT

R.A. Bright's motions in limine are granted in part and denied in part as listed below:

(1) Motion to bar all evidence pertaining to claims for lost profits that were withdrawn by R.A. Bright prior to trial is granted without prejudice.

(2) Motion to bar evidence of R.A. Bright's previous and ongoing relationship with TCF Bank, and to bar all argument or insinuation that R.A. Bright has no stake in the outcome of this litigation based upon its relationship with TCF Bank is granted

(3) Ruling is reserved on motion to bar evidence of Ben Kuhajda's suspension from practicing before the IRS, registration status with the State of Illinois, and suspension from the voluntary professional organization, American Institute Certified Public Accountants.

(4) Motion to bar evidence pertaining to R.A. Bright's involvement in the claims handling process undertaken by Arch is denied.

(5) Motion to bar evidence pertaining to claims under the Incurred Loss Sensitive Program Agreements is denied.

(6) Motion to bar evidence pertaining to claims outside the Incurred Loss Sensitive Program Agreements is denied.

(7) Motion to bar evidence pertaining to the Incurred Loss Sensitive Program Agreements is denied.

(8) Motion to bar evidence pertaining all negotiations and oral agreements between the parties which occurred prior to or contemporaneous with execution of the Insurance Policies is granted.

(9) Motion to bar evidence of any other lawsuits or claims asserted against Arch, R.A. Bright, WRAMSCO, Risk Navigation Group, LLC, and any witnesses is granted.

(10) Ruling is reserved on motion to bar evidence regarding retention of Mark Hosfield by R.A. Bright's counsel or their law firm in other lawsuits.

Arch Insurance's motions in limine are granted in part and denied in part as listed below:

## STATEMENT

(1)     Ruling on motion to bar evidence of lost profits is reserved.

(2)     Ruling on motion to bar or limit testimony of Ben Kuhajda is reserved.

(3)     Motion to bar evidence regarding handling of any claims other than those at issue is denied.

(4)     Ruling on motion to bar evidence regarding retention of WRAMSCO by Arch's counsel or their law firm in other lawsuits.

(5)     Motion to bar evidence of other lawsuits against Arch is granted.

(6)     Motion to bar evidence or testimony regarding undisclosed opinions is granted.

(7)     Motion to exclude non-party witnesses from courtroom when not testifying is granted.

(8)     Motion to exclude testimony from witnesses not previously disclosed is granted.

(9)     Motion to exclude evidence not previously disclosed is granted.

(10)    Motion to exclude evidence regarding wealth of Arch, size of its counsel's law firm, or comparison of parties' financial resource is granted.

(11)    Motion to bar evidence of communications between Arch and Gallagher Bassett Services regarding WRAMSCO audit or subject litigation is denied

(12)    Motion to bar evidence regarding liability insurance or tender of R.A. Bright's claim to Gallagher Bassett's insurance carrier is granted without prejudice.